UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JESSE GUTIERREZ,<br><br>                        Petitioner,<br>     v.<br>ISIDRO BACA, *et al.*,<br><br>                        Respondents. | Case No. 3:19-cv-00169-MMD-CBC<br><br>ORDER |

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court following Petitioner's response to the Court's order to show cause why the petition should not be dismissed as untimely.

Petitioner challenges his 2011 state court judgment of conviction, pursuant to jury trial, of several counts of sexual assault, lewdness and incest in Eighth Judicial District Court Case No. 264467. (ECF No. 1-1 at 1–2.) Judgment of conviction was entered on June 28, 2011, and the Nevada Supreme Court affirmed on direct appeal on November 19, 2012. (*Id.* at 1.) The state court dockets, of which the Court takes judicial notice, do not reflect entry of any intervening judgment of conviction.[1]

Petitioner filed a petition for writ of habeas corpus in state court on March 13, 2013. (ECF No. 1-1 at 1.) The trial court denied the petition on April 21, 2014.[2] The Nevada Court of Appeals affirmed on February 24, 2015, and remittitur issued on March 23, 2015.[3]

///

///

---

[1] *See* https://www.clarkcountycourts.us/portal (last visited June 21, 2019).
[2] *See id.*
[3] *See* (ECF No. 1-1 at 1); *see also* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=48733 (last visited June 21, 2019); http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=33865 (last visited June 21, 2019)

Nearly four years later, Petitioner filed the instant federal habeas petition. (ECF No. 1-1 at 1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Petitioner's conviction became final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court, or on February 18, 2013. The federal statute of limitations thus began to run the following day. Assuming that the limitations period was tolled during the pendency of petitioner's state postconviction proceedings, from March 13, 2013, until March 23, 2015, the limitations period began again to run following the issuance of remittitur on the postconviction appeal. Therefore, absent a basis for tolling or other delayed accrual, the statute of limitations expired, at the latest, on or about February 29, 2016. The instant petition, filed more than three years later, is therefore untimely on its face.

In his response to the order to show cause, Petitioner argues that he is entitled to equitable tolling. Equitable tolling is appropriate only if Petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). A petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at

///
///

2

1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner asserts that he is entitled to equitable tolling because it was difficult for him to find a knowledgeable inmate who could assist him due to the nature of his convictions. Specifically, Petitioner asserts that he was housed in a facility with a large number of inmates who try to hurt inmates convicted of sex offenses against minors. (*See* ECF No. 6.) Petitioner asserts that once he found an inmate who had charges similar to his, they were able together to file his petition within three weeks. (*Id.* at 7–8.) Petitioner's allegations do not support a finding of an extraordinary circumstance that prevented the timely filing of his petition.

First, this Court agrees with the many other courts that have decided this issue that petitioner's status as a sex offender, and the associated difficulties in finding inmate legal assistance, are not extraordinary circumstances that support application of equitable tolling. *See, e.g., Aguila v. McDowell*, 2018 WL 7107624, at *4 (C.D. Cal. Oct. 12, 2018), *report and recommendation adopted*, No. LACV1701592VBFDFM, 2019 WL 296197 (C.D. Cal. Jan. 22, 2019); *Williams v. Doohan*, No. 3:17-CV-00319-MA, 2018 WL 3642441, at *3 (D. Or. Aug. 1, 2018), *certificate of appealability denied*, No. 18-35644, 2018 WL 7238120 (9th Cir. Dec. 21, 2018); *Fox v. Holland*, No. 15-CV-02134 YGR, 2016 WL 4943003, at *5 (N.D. Cal. Sept. 16, 2016); *Samperio v. Martel*, No. 1:10-CV-01528 LJO, 2011 WL 847412, at *3 (E.D. Cal. Mar. 4, 2011).

Further, Petitioner has not alleged or established that his circumstances prevented Petitioner from filing a petition on his own. A petitioner's ignorance of the law is not an extraordinary circumstance that can serve as the basis for equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a *pro se* petitioner's "lack of

///

///

3

legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); *Hughes v. Idaho State Bd. of Corrs.*, 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and ignorance of law not sufficient to meet standard of an objective, external factor to avoid procedural bar on habeas claims). And petitioners are not entitled to legal assistance in collateral proceedings, from inmates or otherwise. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) (state not required to provide appointed counsel in state post-conviction proceedings); *see also Lawrence v. Florida*, 549 U.S. 327 (2007); *Nelson v. Clark*, No. SA CV 09-761, 2009 WL 6640990, at *5 (C.D. Cal. Nov. 13, 2009), report and recommendation adopted, No. SA CV 09-00761, 2010 WL 2681949 (C.D. Cal. June 30, 2010) ("Nor is petitioner entitled to equitable tolling because he was afraid to ask other inmates to help him with his habeas petitions, as a lack of legal assistance does not suffice as a legitimate reason to excuse a late application."); *McCoy v. Sisto*, 2010 WL 455464, at *3 (E.D. Cal. Feb. 3, 2010) ("Therefore, the difficulties that petitioner faced in obtaining legal assistance from other prisoners do not equitably toll the statute of limitations."). Accordingly, Petitioner has not established that he is entitled to equitable tolling on the basis of his status as a sex offender and the related difficulties he encountered in securing legal assistance.

Petitioner additionally asserts that that he was in the Regional Medical Facility at Northern Nevada Correctional Center from October 2015 to February 2016 – during the time period that his federal statute of limitations was running. Petitioner asserts that he could not file his petition during this time because he could access the law library only by sending written requests that would go to an unknown inmate, and he feared that the unknown inmate could be someone who would want to hurt him. Difficulties in accessing the law library are not extraordinary circumstances that justify equitable tolling. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009); *see also Alva v. Busby*, 588 F. App'x 621, 622 (9th Cir. 2014). But even if this could be considered an extraordinary circumstance,

///

///

4

petitioner was in the RMF for less than six months. Even if given tolling for this time period, his petition is still late by more than two-and-a-half years.

Petitioner alleges no other basis for tolling, equitable or statutory, or delayed accrual of any of his claim. And petitioner does not argue that he is actually innocent. Accordingly, the petition, filed three years after the expiration of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) statute of limitations, is untimely and must be dismissed.

It is therefore ordered that the Clerk file the petition (ECF No. 1-1) and that the petition is hereby dismissed with prejudice as untimely.

It is further ordered that Petitioner's motion for appointment of counsel (ECF No. 1-2) be filed on the docket and is hereby denied as moot.

It is further ordered that Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition as untimely to be debatable or wrong.

The Clerk of Court is directed to enter final judgment accordingly and close this case.

DATED THIS 24th day of June 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE